**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Sydney Dillard, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 1:20-cv-7760** |
| | ) | |
| | ) | **Judge John Robert Blakey** |
| DePaul University, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's February 19, 2021 Minute Entry (ECF No. 10), Plaintiff, Sydney Dillard ("Plaintiff") and Defendant, DePaul University ("DePaul") (collectively, the "Parties"), hereby submit this Joint Initial Status Report.

1. **Service of Process**

   Plaintiff served DePaul on February 2, 2021.

2. **Nature of Case**

   a. **Identify the attorneys of record for each party.**

   | Attorneys for Plaintiff | Attorneys for Defendant |
   |---|---|
   | Gianna Scatchell (#6300771) (lead counsel) | Anneliese Wermuth (#06270970) |
   | NaVarrio Wilkerson (#6318242) | (lead counsel) |
   | Disparti Law Group, P.A. | Danielle Harris (#6324017) |
   | 121 W. Wacker Dr., Suite 2300 | 123 North Wacker Drive, Suite 1800 |
   | Chicago, Illinois 60601 | Chicago, IL 60606 |
   | Phone: (312) 506-5511 ext. 331 | (312) 474-7900 |
   | navarrio@dispartilaw.com | (312) 474-7898 (Fax) |
   | gia@dispartilaw.com | awermuth@cozen.com |
   | | danielleharris@cozen.com |

**b.** **State the basis for federal jurisdiction.**

Federal question jurisdiction is based on the following statutes: (1) the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); (2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and (3) the Equal Pay Act, 29 U.S.C. § 206(d) *et seq.*

This Court has supplemental jurisdiction over Plaintiff's claim for intrusion upon seclusion pursuant to 28 U.S.C. § 1367. The amount in controversy exceeds the jurisdictional threshold in this Court. There is no diversity, as all Parties are citizens of Illinois and are domiciled in the Northern District.

**c.** **Describe the nature of the claims asserted in the Complaint.**

Plaintiff filed her first Complaint on December 28, 2020, alleging claims of race and gender discrimination pursuant to Title VII, disability discrimination/failure to accommodate pursuant to Title VI of the Civil Rights Act of 1964, an unequal pay claim pursuant to the EPA, breach of contract, and intrusion upon seclusion. (ECF No. 1.) On February 23, 2021, Plaintiff amended her Complaint ("Amended Complaint") and removed the Title VI and breach of contract claims. Plaintiff asserted disability discrimination/failure to accommodate pursuant to the ADA in place of her Title VI claim, while still alleging her gender and race Title VII claims, EPA claim, and intrusion upon seclusion. (ECF No.11.)

**d.** **State the major legal and factual issues anticipated in the case.**

The following are the primary legal and/or factual issues in this case:

LEGAL\51665496\1

1.    Whether Plaintiff's allegations exceed the scope of the charge of discrimination she filed with the U.S. Equal Employment Opportunity Commission;

2.    Whether any of Plaintiff's claims are time-barred;

3.    Whether DePaul subjected Plaintiff to any adverse employment action;

4.    Whether any individuals outside of Plaintiff's protected class were treated more favorably than she was;

5.    Whether Plaintiff was unfairly compensated compared to males who have the same skills, effort, and job responsibilities;

6.    Whether Defendant willfully unfairly compensated Plaintiff compared to males who have the same skills, effort, and job responsibilities;

7.    Whether Plaintiff is a "qualified person with a disability" within the meaning of the ADA;

8.    Whether Plaintiff was denied a "reasonable accommodation" for a "disability" as those terms are defined by the ADA;

9.    Whether there was a legitimate, non-discriminatory reason for Plaintiff not being selected for the Public Relations and Advertising Department Chair position within DePaul's College of Communication;

10.    Whether Plaintiff can meet the elements of a claim for intrusion upon seclusion; and

11.    Whether Plaintiff is entitled to any damages.

LEGAL\51665496\1

e.     **Plaintiff's Damages Calculation:**

    i.    Lost wages from failure to promote Plaintiff for three (3) years is approximately $150,000 plus 2% cost–of–living increases during that time), or any greater amount as awarded by the jury;

    ii.    Lost wages from unequal pay: Plaintiff asserts that she was getting paid less than the new hires, which approximately $4,000 per year plus the 2% cost of living increase. Plaintiff further states she will need to conduct discovery to determine if this amount is greater based on the salaries of her comparable peers who may have been getting paid more, or any greater amount as awarded by the jury.

    iii.    Compensatory damages:

        1.    Violations of the ADA: Statutory Cap

        2.    Violations of Title VII – race: Statutory Cap

        3.    Emotional Distress: $500,000;

    iv.    Punitive damages: In an amount equivalent to the jury award;

    v.    Attorneys' fees: Based on the Lodestar calculation at $400/hr. or any greater amount as determined by the then–prevailing rate in this District;

    vi.    Costs: Based on the actual costs incurred by Dr. Dillard;

    vii.    Appointment to the Program Chair;

    viii.    Prejudgment interest using the risk–free rate or any greater rate authorized by law; and

LEGAL\51665496\1

ix.     Any other relief to make Plaintiff whole, including compensation for lost earning power.

**3.     Pending Motions and Case Plan**

**a.     Identify all pending motions**

DePaul filed a Motion to Dismiss/Motion to Strike Plaintiff's Amended Complaint on March 16, 2021.  (ECF No. 15.)  Pursuant to the Court's Minute Entry on March 17, 2021 (ECF No. 16), Plaintiff shall file either a second amended complaint by April 7, 2021 or a response to DePaul's Motions by April 14, 2021.  If Plaintiff files a second amended complaint, DePaul has until April 28, 2021 to file a responsive pleading.  If Plaintiff files a response brief to DePaul's Motions instead, DePaul's reply is due April 21, 2021.

**b.     Proposed discovery and case management plan**

**i.     General type of discovery needed, including any electronic discovery**

The Parties will conduct written and oral discovery, including serving interrogatories, document requests, and conducting fact depositions.  The Parties anticipate having some electronic discovery and will make efforts to confer on an ESI plan and protocol to include custodians, search terms, temporal scope and relevancy.

**ii.     A date for Rule 26(a)(1) disclosures**

The Parties will exchange Rule 26(a)(1) disclosures within 30 days of DePaul answering the operative Complaint.

**iii.     A date to issue written discovery**

The Parties will issue written discovery within 30 days of DePaul answering the operative Complaint.

LEGAL\51665496\1

    **iv.**        **The need for any proposed confidentiality orders, in accordance with the Local Rules for the Northern District of Illinois**

The Parties will submit a proposed confidentiality order to the Court in advance of producing any confidential documents.

    **v.**        **The need for any HIPAA waivers**

DePaul will issue an authorization form to Plaintiff in order to obtain her consent to receive her medical records in connection with her ADA claims.

    **vi.**        **A fact discovery completion date**

The parties anticipate completing fact discovery within 150 days of DePaul answering the operative Complaint.

    **vii.**        **Whether there will be expert discovery and if so, an expert discovery completion date (including proposed deadlines for expert disclosures and depositions)**

To the extent the Parties determine expert discovery is needed, they will propose a schedule to the Court prior to the close of fact discovery.

Plaintiff is currently evaluating the need for expert discovery. Dr. Dillard anticipates possibly engaging an expert to opine on how discrimination and failure to promote impacted the Plaintiff's income and career opportunities and advancement.

    **viii.**        **A proposed date for the filing of dispositive motions**

The Parties will propose a dispositive motion briefing schedule to the Court prior to the close of fact discovery.

    **ix.**        **A tentative trial date**

7-8 months after ruling on any dispositive motions. The trial is anticipated to take at least five days.

4.      **Consent to Proceed Before a Magistrate Judge**

The Parties have not consented to proceed before the Magistrate Judge.

5.      **Status of Settlement Discussions**

a.      **Describe the status of settlement discussions.**

The Parties have not engaged in settlement discussions since the mediation conference before the EEOC and shortly before this lawsuit was filed. Plaintiff obtained new counsel upon filing her Complaint and the Parties have not engaged in any recent settlement discussions.

Plaintiff's prayer for relief in her Complaint includes a proposal that this Court conduct a mediated settlement conference or refer the case to its court-annexed mediation program to assist the parties in bringing about a settlement of this case. Plaintiff remains open to settlement discussions and believes a settlement conference would be fruitful. However, Plaintiff's position is that fact discovery may be necessary before settlement discussions will be fruitful.

b.      **Indicate whether the parties request a settlement conference.**

The Parties do not request a settlement conference at this time.

/s/  *Gianna Scatchell*                           /s/ *Anneliese Wermuth*

Gianna Scatchell (#6300771)                 Anneliese Wermuth (#06270970)
NaVarrio Wilkerson (#6318242)            Danielle Harris (#6324017)
Disparti Law Group, P.A.                        123 North Wacker Drive, Suite 1800
121 W. Wacker Dr., Suite 2300              Chicago, IL  60606
Chicago, Illinois 60601                          (312) 474-7900
Phone: (312) 506-5511 ext. 330             (312) 474-7898 (Fax)
navarrio@dispartilaw.com                     awermuth@cozen.com
gia@dispartilaw.com                             danielleharris@cozen.com

*Attorneys for Plaintiff*                          *Attorneys for DePaul University*

LEGAL\51665496\1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on this 2nd day of April, 2021, a true and correct copy of the foregoing **JOINT STATUS REPORT** was electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to the following:

NaVarrio Wilkerson
Gianna Scatchell
Disparti Law Group, P.A.
121 W. Wacker Dr., Suite 2300
Chicago, Illinois 60601
Phone: (312) 506-5511 ext. 331
navarrio@dispartilaw.com
gia@dispartilaw.com
Counsel for Plaintiff

*s/ Anneliese Wermuth*
Anneliese Wermuth